UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff,<br><br>   v.<br><br>DALE ALEXANDER PRENTICE,<br><br>       Defendant. | CASE NO.   CR06-296 JCC<br><br>DETENTION ORDER |

Offenses charged:

    Conspiracy to Import Marijuana, in violation of Title 21, U.S.C., Section 952(a), 960(a)(b)(1)(G) and 963;

    Conspiracy to Possess Marijuana with the Intent to Distribute, in violation of Title 21, U.S.C., Section 841(a)(1), 841(b)(1)(B) and 846;

    Possession of Marijuana with the Intent to Distribute, in violation of Title 21, U.S.C., Section 812.

Date of Detention Hearing: September 19, 2006

    The Court, having conducted a contested detention hearing pursuant to Title 18 U.S.C. § 3142(f), and based upon the factual findings and statement of reasons for detention hereafter set forth, finds that no condition or combination of conditions which the defendant

DETENTION ORDER
PAGE -1-

can meet will reasonably assure the appearance of the defendant as required and the safety of any other person and the community.  The Government was represented by Susan Roe.  The defendant was represented by Richard Troberman.

FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION

(1) There is probable cause to believe the defendant committed the drug offense.  The maximum penalty is in excess of ten years.  There is therefore a rebuttable presumption against the defendant's release based upon both dangerousness and flight risk, under Title 18 U.S.C. § 3142(e).

(2) The nature of the offense and specifically this conspiracy has involved large sums of cash, of which over $500,000.00 was found at the Redmond residence of a co-defendant.  The co-conspirator has been characterized by the defendant as his partner.  With access to this amount of cash, defendant poses a risk of flight.

(3) The Governments case is strong as it is based in part upon the recorded eighty (80) telephone calls between the Defendant and an undercover federal agent.  The purpose of the calls were to arrange the rental of a warehouse in the United States which would be used to store drugs smuggled from Canada.  The agent was to pose as the lessor of said warehouse.

(4) Defendant is viewed as a risk of flight inasmuch as he is a Canadian citizen.  His assets and businesses in Canada and his reported income from those businesses suggest that there are sources of income that are not legitimate.  Based upon the foregoing information, it appears that there is no condition or combination of conditions that would reasonably assure future Court appearances and/or the safety of other persons or the

community.

**It is therefore ORDERED**:

(1) The defendant shall be detained pending trial and committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(2) The defendant shall be afforded reasonable opportunity for private consultation with counsel;

(3) On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the defendant is confined shall deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding; and

(4) The clerk shall direct copies of this order to counsel for the United States, to counsel for the defendant, to the United States Marshal, and to the United States Pretrial Services Officer.

DATED this 20th day of September, 2006.

MONICA J. BENTON
United States Magistrate Judge